### VICTOR TALKING MACH. CO. v. AMERICAN GRAPHOPHONE CO.

(Circuit Court of Appeals, Second Circuit. April 21, 1904.)

No. 158.

1. PATENTS—INFRINGEMENT—TALKING MACHINES.

> The Johnson patent, No. 679.896, for a sound box for talking machines, *held* not infringed, as to claims 7, 11, and 16.

Appeal from the Circuit Court of the United States for the District of Connecticut.

For opinion below, see 125 Fed. 30.

This cause comes here upon appeal from a decree of the United States Circuit Court for the District of Connecticut dismissing a bill alleging infringement of complainant's patent No. 679,896, granted August 6, 1901, to Eldridge R. Johnson, for a sound box for talking machines.

Horace Pettitt, for appellant.

Philip Manro, for appellee.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

PER CURIAM. The single question herein is that of infringement of claims 7, 11, and 16. Each of these claims is limited to a construction comprising "a tempered steel spring," or "a thin, twisted spring," having twisted ends. The essential element of the invention claimed in the patent in suit is the provision of means for "a very delicate connection between the diaphragm and the stylus-bar; also to provide an extremely sensitive mounting for the stylus-bar"; said means comprising a spring "made of finely tempered steel," each end being "twisted or bent in opposite directions," so as to secure a balance by the resultant high tension of the spring. The defendant does not use a finely tempered steel for said connection and mounting. Its attaching piece is made of low-grade sheet steel, soldered to the bar by a process which would necessarily destroy the temper, if any, in said piece. It clearly appears from the evidence, and was shown by a practical demonstration upon the hearing, that these attaching pieces were not resilient, but that

they remained in any position in which they might be bent or twisted. It further appears that defendant's attachment is not twisted, but is inserted as nearly flat as is practicable, in order to avoid all tension on the stylus-bar. Hence result two radically different constructions, based on opposing theories as to the effect of high tension as contrasted with low tension or no tension. These conclusions dispose of the contention of infringement as to all of said claims.

Claim 16 also covers "yielding gaskets, adjusted so as to prevent the said diaphragm from rattling, yet leaving it free to vibrate throughout its entire area." Such gaskets were old. The patentee, in a prior patent, had described and claimed a construction for so mounting the diaphragm that it would vibrate "practically evenly throughout its entire area," and the specifications and said claim of the patent in suit fail to suggest any definite degree of pressure, except such as may, in the judgment of the constructor, be best adapted to secure the best results. The patentee says:

"While I have described the diaphram as being practically free at its edges, it is clear that, while this construction of adjustment is preferable, my improvements herein described and claimed are applicable to constructions wherein the diaphram may be clamped at its edges."

The decree is affirmed, with costs.